J. EVANS BROWN v. WILLIAM CARTER.

*Deed, Construction of—Pleading—Counterclaim.*

B., in consideration of services theretofore rendered and thereafter to be rendered him, and with a view to make provision for the children of C., in compliance with provisions to that effect theretofore made, conveyed to C. and his heirs an undivided half-interest in several large bodies of land, together with any moneys which might arise from any subsisting contracts relating to them, subject to certain conditions, among which was that in the event of the death of either the vendor or vendee the survivor should be constituted " a trustee for the heirs of the deceased, with authority to sell and convey the interest of the deceased for the use of his heirs and devisees." Subsequently, the vendor brought suit against the vendee to recover divers sums of money alleged to have been loaned at different times; the vendee answered, alleging that the sums sued for were really advancements made in connection with the management of the joint property, and were to be paid from its proceeds, and that there was due him upon the settlement of the accounts thereof $5,000, for which he demanded judgment: *Held,*

1. The deed conveyed the fee to C., unencumbered with any trust for his children.

2. That the demand of the defendant arose out of the contract, and saw properly set up by counterclaim.

This was a CIVIL ACTION, tried before *Brown, J.,* at March Term, 1891, of BUNCOMBE Superior Court.

The plaintiff brings this action to recover divers sums of money, aggregating $900, which he alleges the defendant owes and refuses to pay to him. The defendant denies the material allegations of the complaint, and also alleges as a counterclaim that the plaintiff is indebted to him in large sums of money by virtue of a deed, the parts of which material to be stated here are as follows: " This indenture, made on the 5th of August, 1885, between John E. Brown and Jane Brown his wife, of New Zealand, of the first part, and W. B. Carter, of the State of Tennessee, of the second part, witnesseth, that for and in consideration of services rendered for many years past, and for like services hereafter to be rendered to and for said Brown by the party of the second part, as his agent in the supervision, management, protection and disposal of the lands hereinafter described, and with the view to make provision for the children of the party of the second part, and to comply with promises heretofore made by said Brown to the party of the second part to make such or like provision for his said children, the parties of the first part have bargained and sold, &c., unto the party of the second part and his heirs, subject to the trust, limitations, provisions and exceptions hereinafter expressed, an undivided half-interest in all the mines and minerals thereto belonging, to-wit (large bodies of land with certain exceptions, certain rights and credits with specified exceptions), to have and to hold the same, &c., mines and minerals, moneys, net proceeds of sales, &c., unto the party of the second part and his heirs, but subject, nevertheless, to the exceptions hereinbefore expressed, and to the trusts, limitations and provisions following, to-wit: First, the said lands &c., and the proceeds of all sales shall be liable and subject to a lien for all claims of whatever nature and extent by anyone against the said Brown for or on account of any discrepancies, deficiencies, defaults or obligations growing out of the past management, contract or disposal in any manner whatever of

any of the lands of said Brown by any of his agents in North Carolina or Tennessee. Second. In the event of the death of either of the said Brown or the party of the second part, the survivor is hereby constituted and appointed a trustee in respect of said lands, &c., for the heirs of the deceased, with authority to sell and convey the interest of the deceased, &c., for the use and benefit of the heirs and devisees of the deceased, subject, however, to the above provision. Third. The absolute expenditure for the conduct of the business by either party shall be paid out of the first proceeds, and all proceeds received by either shall immediately be divided between the parties entitled, after paying expenses. The said Brown, for the consideration aforesaid, hereby releases unto the party of the second part the balance of $1,352.21 due said Brown as per account rendered to him by the party of the second part. In testimony whereof," &c. Signed and sealed by Brown and wife.

The plaintiff demurred to the counterclaim upon the ground that the said deed creates, declares and provides for a trust in favor and for the benefit of the children of the defendant, and secures to the defendant himself no beneficial interest whatever in the property thereby conveyed, and he is not bound to account in this action with the defendant as to the trust fund, &c. The Court held that the defendant has an estate and interest in the property described in the deed, and gave judgment accordingly, and the plaintiff appealed.

*Mr. F. H. Busbee*, for plaintiff.
*Mr. W. H. Malone*, for defendant.

CLARK, J.—having stated the case, proceeded: The only question raised by the appeal is the construction of the deed, and whether, under it, the defendant has any personal interest or holds solely as trustee for his children.

On a careful perusal of the deed, it is incapable of any construction other than a conveyance to Carter and his heirs—not as trustee for his children. The recital therein as a motive for the conveyance, of a desire and a former promise to provide for the grantee's children, cannot control the plain expressions of the deed, especially in view of the sole consideration being recited to be services rendered and to be rendered to the grantor by the grantee. This, it is true, would not control if the deed had been made in fact to the grantee in trust for his children; but the language is not capable of that construction. The deed is a conveyance of a half-interest in the land described therein, and specifies the trusts and conditions as, " first, liability of fund for certain charges; second, in case of death of either party the survivor to hold moiety of deceased for his heirs; third, subject to actual expenditures," &c.; 'and on these trusts the conveyance is to Carter and his heirs in fee. The intention that Carter should hold for his children is not expressed in the deed anywhere.

The provision in the deed, "All proceeds received by either shall be immediately divided between the parties entitled, after paying expenses," is a contract between the parties, and matters arising thereon, whether legal or equitable, may be pleaded as a counterclaim to the plaintiff's cause of action, which arose upon contract. In such case the counterclaim need not arise out of the same transaction if it existed at the commencement of the action. *The Code*, § 244, subsection 2.

No Error.

AVERY, J., dissenting.